# James W. Gwinn, Fairfax County Zoning Administrator

### v.

## Orville N. Collier

Record No. 930682

April 15, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Hassell, and Keenan, JJ., and Poff, Senior Justice

*J. Patrick Taves, Senior Assistant County Attorney (David P. Bobzien, County Attorney; George A. Symanski, Jr., Deputy County Attorney; Jan L. Brodie, Assistant County Attorney,* on briefs), for appellant.

*Timothy B. Hyland (Sally Ann Hostetler; John W. Farrell; Odin, Feldman & Pittleman,* on brief), for appellee.

*Amicus Curiae: (J. Randall Minchew; Grayson P. Hanes; Hazel & Thomas,* on brief), in support of appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether under the facts and circumstances of this case, Code § 15.1-496.1 requires a zoning administrator to appeal her own decision within 30 days to the Board of Zoning Appeals.

Orville N. Collier owns approximately two acres of real property in the Great Falls area of Fairfax County. The property is located in an area zoned a "residential estate district."

On April 30, 1981, Philip G. Yates, zoning administrator of Fairfax County, issued a non-residential use permit to Collier. The permit authorized C & C Auto Repair, a business entity owned by Collier, to operate a "major vehicle establishment" as a nonconforming use on the property.

On March 2, 1983, Yates issued a notice to Collier that revoked the non-residential use permit because it had been erroneously issued. Yates determined that the permit was null and void *ab initio.* Yates informed Collier that the parking and storage of 34 vehicles, including five "junk" vehicles, on the property violated the County's zoning ordinance. Yates directed Collier to cease the repair of all vehicles that were not registered in his name or in the name of a full-time resident of the property and to remove such vehicles from the property. Collier was further directed to repair, place in a fully enclosed structure, or remove from the property any "junk" vehicles that were registered in his name or the name of a full-time resident of the property. Collier did not appeal this decision of the zoning administrator.

Collier did not correct these violations, and he continued to operate an automotive repair business on his property. The office of the zoning administrator issued Collier several notices of violation during the period covering 1983 through 1990.

Jane W. Gwinn, who was subsequently appointed as Fairfax County's zoning administrator, filed a bill of complaint for declaratory judgment and injunctive relief against Collier. She alleged that Collier had violated the County's zoning ordinance by using property located in a low-density residentially zoned area of the County as a vehicle major service establishment and by permitting "outdoor storage" of vehicles on the property.

After the parties were at issue, the zoning administrator filed a motion for partial summary judgment on the issue of Collier's use of the property as a vehicle major service establishment. The zoning administrator argued that Collier had failed to appeal the zoning administrator's decisions finding Collier had violated the County's zoning ordinance and, relying upon *Gwinn* v. *Alward,* 235 Va. 616, 621, 369 S.E.2d 410, 412 (1988), that such determinations were "things decided" and not subject to attack by Collier. Collier filed a motion for summary judgment asserting that he had obtained a non-residential use permit and, relying upon Code § 15.1-496.1 and *Gwinn,* that the legality of his use "was a thing decided and was not subject to attack" because the zoning administrator had not appealed the decision to issue that permit to the Board of Zoning Appeals. The

trial court agreed with Collier and entered a judgment on his behalf. We awarded the zoning administrator an appeal.

The zoning administrator contends that Code § 15.1-496.1 does not require her to appeal her own decision, granting the non-residential use permit to Collier, to the Board of Zoning Appeals. Collier argues, however, that the zoning administrator was required to appeal her decision to the Board of Zoning Appeals. We disagree with Collier.

Code § 15.1-496.1,[1] states in relevant part:

> An appeal to the board may be taken by any person aggrieved or by any officer, department, board or bureau of the county or municipality affected by any decision of the zoning administrator or from any order, requirement, decision or determination made by any other administrative officer in the administration or enforcement of this article or any ordinance adopted pursuant thereto. Such appeal shall be taken within thirty days after the decision appealed from by filing with the zoning administrator, and with the board, a notice of appeal specifying the grounds thereof.

■ We have repeatedly stated the principles of statutory construction that we apply when a statute, such as Code § 15.1-496.1, is clear and unambiguous.

> While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.

*Turner* v. *Wexler,* 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992) (quoting *Watkins* v. *Hall,* 161 Va. 924, 930, 172 S.E. 445, 447 (1934)).

■ Section 15.1-496.1 permits certain parties affected by any decision of a zoning administrator to appeal that decision to the Board of Zoning Appeals. The party exercising this statutory right is required to file such appeal within 30 days from the date of the contested decision. Clearly, the General Assembly did not intend that the zoning

---

[1] This statute was amended by the General Assembly in 1993.

administrator, who made a decision to issue a non-residential use permit to a landowner, would be required to appeal that decision to the Board of Zoning Appeals within 30 days. Such a construction of Code § 15.1-496.1 would "involve a manifest absurdity."

Contrary to Collier's argument, this Court's decision in *Gwinn* v. *Alward, supra,* does not dictate that the zoning administrator appeal her own decision to the Board of Zoning Appeals within 30 days. In *Gwinn,* Harry E. Alward filed suit to compel Fairfax County to issue a trash hauling permit to him. 235 Va. at 617, 369 S.E.2d at 410. The County filed a cross-bill and alleged that Alward was in violation of the zoning ordinance because he maintained a junkyard on his property and parked trash collection trucks there. The County sought an injunction to prohibit these violations. Alward, in his response to the County, asserted the defenses of unclean hands and estoppel. The trial court denied Alward the relief he sought, but refused to grant the County an injunction.

We held that the zoning administrator's decision that Alward operated a junkyard and parked operable trash trucks on his property in violation of the zoning ordinance "was a thing decided and was not subject to attack by Alward . . . because [he] never appealed the various decisions in which he was declared in violation of the zoning ordinance." *Gwinn,* 235 Va. at 621, 369 S.E.2d at 412. Explaining our decision in *Gwinn,* we observed in *Dick Kelly Enters.* v. *City of Norfolk,* 243 Va. 373, 416 S.E.2d 680 (1992), that

[t]his conclusion stems from the settled rule that exhaustion of administrative remedies where zoning ordinances are involved is essential before a judicial attack may be mounted against the interpretation of such ordinances.

*Id.* at 378, 416 S.E.2d at 683.

■ The rationale that we articulated in *Dick Kelly Enters.* simply has no application here. The zoning administrator is the individual who interpreted and, albeit erroneously, applied the County's zoning ordinance when the non-residential use permit was granted to Collier's business. Under the facts and circumstances of this case, no useful purpose would be served by requiring that the zoning administrator exhaust administrative remedies or initiate proceedings that may result in a judicial attack upon her own decision. Therefore, we hold that Collier's purported entitlement to operate a vehicle major service establishment on property located in a residential estate district is not "a thing decided" and, therefore, may be challenged.

■ The zoning administrator argues that she is entitled to partial summary judgment because Collier had failed to appeal her decisions that he was operating a vehicle major service establishment in violation of the County's zoning ordinance and, therefore, such violations were things decided and not subject to attack by Collier. We agree.

Collier admitted in his pleadings that he had received five zoning violation notices between 1983 and 1989. As stated above, these notices state that the 1981 non-residential use permit was erroneously issued and Collier did not appeal these decisions. Therefore, the zoning administrator's decision that Collier was operating a vehicle major service establishment on his property in violation of the zoning ordinance "was a thing decided and was not subject to attack." *Gwinn,* 235 Va. at 621, 369 S.E.2d at 412.[2]

In its final decree, the trial court declared "that use of the property for storage purposes is not a violation . . . of the Fairfax County Zoning Ordinance." The administrator asserts that the trial court erred by making this declaration because Collier failed to file any pleadings seeking any form of declaratory relief, and that a court may not base its decree or judgment upon facts that are neither alleged nor upon which a right has not been pled or claimed. Collier argues that the storage of an operative motor vehicle is not prohibited on the site of a vehicle major service establishment and that vehicle major service establishments are not subject to the storage regulations.

■ We agree with the zoning administrator. As we observed in *Ted Lansing Supply Co., Inc.* v. *Royal Aluminum and Constr. Corp.,* 221 Va. 1139, 277 S.E.2d 228 (1981):

> It is firmly established that no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed. "Pleadings are as essential as proof, and no relief should be granted that does not substantially accord with the case as made in the pleading."

*Id.* at 1141, 277 S.E.2d at 229 (citations omitted). Collier is not entitled to summary judgment on this issue because he did not request such relief in his pleadings.

■ Accordingly, we hold that Collier's use of the property is not a use permitted by the County's zoning ordinance in a residential estate

---

[2] We do not consider Collier's argument that the "trial court correctly ruled that Collier established, as a matter of law, that his use of the property was a pre-existing lawful non-conforming use" because the zoning administrator's decision that Collier's use of the property was in violation of the zoning ordinance became a thing decided not subject to attack.

district because the illegality of such use is a thing decided and not subject to judicial attack. We will remand this proceeding to the trial court for the issuance of a mandatory injunction prohibiting Collier from operating a vehicle major service establishment on his property and for further proceedings relating to the issue whether the use of the property for vehicle storage violates the Fairfax County zoning ordinance.

*Reversed and remanded.*