JAMES R. SMITH, ET AL.

v.

ROBERT E. SINK, JR.

Record No. 930528

April 15, 1994

Present: All the Justices

*Frank K. Friedman (Thomas J. Hall; Mark D. Loftis; Woods, Rogers & Hazlegrove,* on briefs), for appellants.

*Beth Kathryn Roland (William Hitchcock Lindsey; Bounds & Dorsey,* on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this appeal, we consider the correctness of a final decree which established a prescriptive easement when the landowner in whose favor the easement was established had not asked for that relief.

In 1972, James R. and Augustine D. Smith purchased a tract of land in Franklin County. Utilizing easements acquired from property owners whose land was situated between the Smith residence and Virginia State Route 679, the Smiths built a road which generally followed an old road. Robert E. Sink, Jr.'s predecessor in title owned a parcel of land adjacent to the Smiths' property. In 1989, that owner initiated litigation seeking access to State Route 679 by means of the road constructed by the Smiths. Based on actions taken by the Franklin County Board of Supervisors in 1951 and 1952, the circuit court held that the road built by the Smiths was a public road.

In the course of conducting the land survey directed by the court's decree, the Smiths learned that the purported right-of-way across their property, deemed to be a public road by the circuit court, did not connect with any other public road. The portion of State Route 679 to which the right-of-way connected in 1951, when the Board of Supervisors acted, was abandoned in 1963 and that portion of Route 679 was rerouted. After Route 679 was rerouted, the public road on the Smiths' land led nowhere.

Based on this information, the Smiths filed a new bill of complaint asking the trial court to declare that the road on their property was not a public road and to enjoin use of that road by Sink. The matter was referred to a commissioner in chancery who, after hearing the testimony and evidence presented by the Smiths, held that the road was not a public road, but that it was subject to a prescriptive easement in favor of Sink. The trial court entered a decree adopting the report of the commissioner.

The Smiths appealed, assigning error to that portion of the decree giving Sink a prescriptive easement over their roadway. They argue that Sink never asked for a prescriptive easement in his pleadings, presented no evidence supporting the existence of a prescriptive ease-

ment, and stated that neither he nor his predecessor in title had exclusive use of the road.

■ A court cannot enter a decree or judgment on a right which has not been pled or claimed. *Ted Lansing Supply Co. v. Royal Aluminum and Constr. Corp.,* 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981), and cases cited therein. Even though the power of the equity court is broad, it cannot extend beyond those rights asserted by the parties. *Fidelity & Casualty Co. v. First Nat'l Exch. Bank,* 213 Va. 531, 538, 193 S.E.2d 678, 684 (1973).

■ We reject Sink's argument that the pleading requirement was satisfied because the Smiths' bill of complaint sought a final determination of the status of the roadway in question and "such other and further relief as to equity may seem meet and the nature of their case may require." The responsibility for asserting a right or remedy belongs to the party seeking that relief. Even though a prayer for general relief may sustain appropriate unspecified relief, *Johnson v. Buzzard Island Shooting Club,* 232 Va. 32, 36, 348 S.E.2d 220, 222 (1986), the relief must be consistent with facts alleged and the case stated in the pleadings. *Switzer v. Switzer,* 167 Va. 193, 197-98, 188 S.E. 161, 163 (1936). None of the pleadings in this case stated facts suggesting a prescriptive easement. Sink's failure to plead or to claim and prove a prescriptive easement through the production of evidence precluded the imposition of such an easement, regardless of the equities of that remedy.

Accordingly, we will reverse that part of the decree of the trial court establishing a prescriptive easement in favor of Sink over the roadway located on the Smiths' property and enter final judgment in favor of the Smiths.

*Reversed and final judgment.*