# CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
Board of Supervisors et al.

v.

Zoning Appeals Board et al.

April 29, 1998

Case No. (Law) 154962

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on March 5, 1998, upon a writ of certiorari for review of a decision of the Board of Zoning Appeals of Fairfax County. At that time the Record of the proceeding was unavailable; however, the loan of a copy to the Court allowed argument to be presented. Upon request from each counsel for leave to file a memorandum in support of their arguments, the Court took the case under advisement. The Court now has received and reviewed the Record and the memoranda and, for the reasons set forth below, the Court reverses the decision of the Board of Zoning Appeals.

## Facts

The issue before the Court arises out of the use of property located at 11325 Lee Highway. In 1983, a Special Exception (SE 83-A-070) was approved to allow a use otherwise not permitted in the existing C-8 District. Condition No. 2 of the Special Exception specified: "This Special Exception is granted for the building and uses indicated on the plats submitted with the application only." The plats identified the proposed uses to be mini-warehousing and contractor's offices and shops. Storage America, Inc., developed the property (on behalf of the owners, Shirley Gate, Limited Partnership) in accordance with the plats.

On April 3, 1991, Premier Car Rental, Inc., was granted a non-residential use permit on the property for general office use. Then, on April 24, 1991, the Zoning Administrator notified Premier Car Rental, Inc., that the non-residential use permit had been issued in error, stating that the general office use was not permitted for this property as it did not fall within the uses approved under the Special Exception. The letter declared Premier Car Rental, Inc.'s non-residential use permit to be null and void. No further formal action was taken at that time, and Premier Car Rental, Inc., continued to occupy the subject property.

After a zoning inspection, on March 6, 1996, a notice of violation referencing the April 24, 1991, letter was sent to Premier Car Rental, Inc. Within thirty days an appeal was presented to the Board of Zoning Appeals, which body reversed the decision of the Zoning Administrator. It is from this determination that the Board of Supervisors and the Zoning Administrator appeal to this court.

*Issues*

The Board of Supervisors and the Zoning Administrator set forth two areas where they assert error in the decision of the Board of Zoning Appeals. First, they argue that the decision was rendered without jurisdiction as it attempts to reverse an unappealed 1991 decision of the Zoning Administrator, which decision constitutes a "thing decided" and not subject to attack. Second, they contend that the Board of Zoning Appeals applied erroneous principles of law by invalidating a legislative act, disregarding long-standing precedent, and ignoring the plain meaning of the ordinances.

*A "Thing Decided"*

This position of the Board of Supervisors and the Zoning Administrator rests upon the April 24, 1991, letter of the Zoning Administrator to Premier Car Rental, Inc. That letter reads in part:

> This is to advise you that the above referenced Non-Residential Use Permit for an office use was issued in error and is therefore null and void.
>
> Although an office is a permitted use in the C-8 zoning district, this lot is subject to Special Exception SE 83-A-070. Condition 2 of this special exception states: "This Special Exception is granted for the building and uses indicated on the plats submitted with the

application only." The referenced plat shows only two uses: "mini-warehousing" and "contractors offices and shops."

After quoting § 9-004(1) and (2), the letter states:

> Therefore, based upon this section and the conditions of SE 83-A-070, an office is not allowed at this location.

The Record and memoranda confirm that, subsequent to the April 24, 1991, letter, there were informal efforts to resolve the issue, but no formal action until the notice of violation of March 6, 1996. The pertinent portions of that notice state:

> By letter dated April 24 1991, to David Barnes from Jane W. Guinn, Zoning Administrator, Premier Car Rental was notified that an office use was not allowed at this location, based upon the provisions of Special Exception (SE) 83-A-070 which are applicable to this property ... .
>
> An office for a car rental establishment is neither a mini-warehouse nor a contractors office and shop under the Zoning Ordinance.
>
> Therefore, the continued occupancy of the above-referenced property by Premier Car Rental as an office use is in violation of Par. 2 of Sect. 9-004 of the Fairfax County Zoning Ordinance ... .

It is the position of the Board of Supervisors and the Zoning Administrator that there is no difference between the two letters and that there is no new ruling subject to appeal in 1996.

The Board of Zoning Appeals, Storage America, Inc., Premier Car Rental, Inc., and Shirley Gate, Limited Partnership, deny that the 1991 letter controls and set forth four reasons. First, they contend that there is a distinction between the 1991 letter and the 1996 notice as the former does not make a determination that Premier Car Rental, Inc., was violating the Zoning Ordinance. Second, they argue that there was no pending application at the time of the 1991 letter and therefore there was no denial of a personal or property right which was subject to appeal or which could constitute a "thing decided." Third, they submit that the terminology "thing decided" is used only in the context of precluding a direct judicial attack on a decision of the Zoning Administrator prior to exhaustion of administrative remedies and thus would not bar a review by the Board of Zoning Appeals. Fourth, they note that the

1996 notice on its face sets out the right of appeal and that the Board of Supervisors and the Zoning Administrator are barred by § 15.1-496.1(C), now § 15.2-231(C), from withdrawing the right.

Examination of the two letters in question reveals that there is no essential difference between the rulings by the Zoning Administrator. Both cite the same ordinance and Special Exception and both state that a general office use, as exercised by Premier Car Rental, Inc., is not a permitted use. As suggested in the memoranda, the only new determination in the March 6, 1996, letter was that the use was continuing. The decision by the Zoning Administrator on April 24, 1991, was a revocation of a non-residential use permit and a clear ruling that the premises could not be used as Premier Rental Car., Inc., wished to use them. To state that this is not a notice of violation is to recite a distinction without a difference.

Section 15.1-496.1(A), now § 15.2-2311(A), provided that "An appeal to the board may be taken by any person aggrieved ... by any decision of the zoning administrator or from any order, requirement, decision or determination made by any other administrative officer in the administration or enforcement of this article or any ordinance adopted pursuant thereto." In April, 1991, Premier Car Rental, Inc., had applied for and been granted a non-residential use permit. On April 24, 1991, the Zoning Administrator reversed the grant of the permit, declaring it null and void. This was a decision of the Zoning Administrator acting upon the application for the non-residential use permit, in effect denying the application, and therefore constituting an appealable determination under § 15.1-496.1(A). The reliance upon *Vulcan Materials v. Board of Supervisors*, 248 Va. 18 (1994), by Premier Car Rental, Inc. (*et al.*) is misplaced. In *Vulcan*, unlike the case at bar, no applications were pending seeking specific relief·and "without a pending application, the oral comments merely were advisory." *Id.* 24. There was no "thing decided" as there was no decision which would make Vulcan a "person aggrieved" with a right of appeal.

The application of the doctrine of a "thing decided" is well settled in the zoning context. Once there has been an adverse decision of the Zoning Administrator, any appeal by the person aggrieved must be taken within thirty days of the decision. Section 15.1-496.1(A), Code of Virginia, 1950, as amended. In the absence of a timely appeal, the ruling is "a thing decided and ... not subject to attack." *Guinn v. Alward*, 235 Va. 616, 621 (1988); *Dick Kelly Enterprises v. City of Norfolk*, 243 Va. 373, 378 (1992); *Guinn v. Collier*, 247 Va. 479, 484 (1994). It is true that each of the three cases cited arise out of direct action in the trial court; however, the principle expressed turns upon whether an appeal of the adverse ruling was taken to the Board of

Zoning Appeals within thirty days. It is the failure to appeal which creates the "thing decided," not the forum wherein the later challenge is brought. In the case at bar, the decision of the Zoning Administrator of April 24, 1991, was not appealed and is a thing decided and not subject to attack in 1996 before the Board of Zoning Appeals.

Lastly, the Court is not persuaded that appeal rights have vested through inclusion of the notice of appeal language in the March 6, 1996, letter. The purpose of the notice in § 15.1-496.1(A) clearly is to warn a party aggrieved that, if it wishes to appeal, it must act within thirty days. The specific language relied upon in the letter is "[y]ou *may* have the right to appeal this notice of zoning violation ... ." (emphasis added). This does not *create* an appeal right, but rather gives notice of a possible right of appeal. Further, this language is not a "written order, requirement, decision or determination" by the Zoning Administrator which implicates § 15.1-496.1(C). Accordingly, the fact that more than sixty days had elapsed without modification of the March 6, 1996, letter and an appeal was noted within thirty days of the decision does not mean that a valid right of appeal was exercised.

### *Ruling*

The Court finds that the unappealed decision of the Zoning Administrator of April 24, 1991, that Special Exception SE 83-A-070 prohibited the general office use by Premier Car Rental, Inc., on the subject premises constitutes a thing decided and is not subject to attack. The letter of March 6, 1996, recites the 1991 decision but it does not create a new right to appeal the decision. Having found that the decision was a thing decided, the Court does not reach the other issues raised in the arguments. The decision of the Board of Zoning Appeals is reversed.