COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


DOUGLAS L. MILLER AND
 DEBORA A. MILLER
                                    MEMORANDUM OPINION*
v.   Record No. 0365-03-2              PER CURIAM
                                       JULY 22, 2003
STATE BUILDING CODE TECHNICAL
 REVIEW BOARD AND KING GEORGE COUNTY


            FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
                 Horace A. Revercomb, III, Judge

            (Douglas L. Miller; Debora A. Miller, pro se,
            on briefs).

            (Jerry W. Kilgore, Attorney General;
            Richard B. Zorn, Senior Assistant Attorney
            General; Deborah Love Feild, Assistant
            Attorney General; Matthew J. Britton,
            Commonwealth's Attorney, on brief), for
            appellees.


     Douglas and Debora Miller contend the trial judge erred in

finding their appeal moot and upholding the decision of the State

Building Code Technical Review Board.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In April 2000, the Millers obtained building and zoning permits to construct a two-family dwelling on the property designated on Tax Map 22, Parcel 103, and located at 5022/5024 Igo Road in King George County.  Those applications contained a sketch detailing the placement of a new well, which was required to support the dwelling.  To build the well, the Millers had obtained from the Department of Health the necessary permit, which indicated the well's location and mandated a "Health Dept Operation Permit & Well Inspection Report . . . prior to occupancy."

In early 2001, the Millers requested final inspections necessary to obtain a certificate of occupancy.  On February 28, 2001, the Millers received a letter from the county's Zoning Administrator notifying them that they had violated the county's zoning ordinance.  The notice advised the Millers that by "connecting the dwelling currently under construction . . . to the [pre-existing] well that currently serves [other] dwellings" they had "brought the total number of potable water connections served by this well up to three," in violation of the zoning ordinance.  The notice further advised that, "[i]n order that the dwelling . . . may continue to be constructed and may be occupied in the future," the Millers were required to comply with the local zoning ordinance or obtain a special exception. The notice informed the Millers "this decision shall be final

and unappealable if not appealed within the thirty days" to the Board of Zoning Appeals.

By letter dated March 12, 2001, the Millers sent a letter to the county's Board of Building Code of Appeals objecting to the denial of temporary and final occupancy certificates. After perfecting the appeal, the Millers wrote to the Zoning Administrator to express their disagreement with his opinion that their remedy was to appeal to the Zoning Board of Appeals.

On April 3, 2001, the county's Building Official notified the Millers that the Zoning Administrator had voided the Millers' zoning permit for the dwelling. The letter also explained that "[t]he original approval of [the Millers' building] permit was based on the issuance of a zoning permit and installation of a well as stated on [thei]r signed application." The letter notified the Millers that their building permit had been revoked pursuant to the Uniform Statewide Building Code "until such time as [the Millers] can obtain a zoning permit."

The Board of Building Code of Appeals held a public hearing to consider the Millers' appeal. By resolution dated April 19, 2001, the Board of Building Code of Appeals "found that the appeal was based on a zoning administrator's decision" and that the Board "does not have jurisdiction or authority over a zoning administrator's decision and no adverse decision made by the

Building Official had been properly appealed."  It, therefore, dismissed the Millers' appeal.

The Millers then appealed to the State Building Code Technical Review Board, which conducted a hearing on the Millers' appeal.  The Millers advised the Technical Review Board that the "appeal was based on the Certificate of Inspection not the letter from [the Zoning Administrator]."  The Technical Review Board found that "the revocation of [the Millers' building] permit . . . render[ed] the appeal of the refusal to issue the [certificate of occupancy] moot because no dispute of whether to issue a [certificate of occupancy] can be considered if there is no valid [building permit]."  The Technical Review Board also found that the Millers "failed to raise the revocation of the [building] permit as an issue for the . . . Board [of Building Code of Appeals] to consider" and had failed to timely file an appeal from the revocation decision.  Thus, the Technical Review Board ruled that "the appeal of the revocation of the [building] permit is not properly before the Review Board" and ordered the Millers' "appeal of the code official's refusal to issue a [certificate of occupancy] to be . . . dismissed as moot."

The Millers appealed to the circuit court.  After considering "the arguments by the parties, the pleadings and the record of the . . . Technical Review Board," the trial judge dismissed the appeal.

- 4 -

Code § 15.2-2311 provides, in pertinent part, that "[a]n appeal to the board [of zoning appeals] may be taken by any person aggrieved . . . by any decision of the zoning administrator or from any order, requirement, decision or determination made by any other administrative officer in the administration or enforcement of this article."  In addition, the statute further provides as follows:

> [A]ny written notice of a zoning violation or a written order of the zoning administrator dated on or after July 1, 1993, shall include a statement informing the recipient that he may have a right to appeal the notice of a zoning violation or a written order within thirty days in accordance with this section, and that the decision shall be final and unappealable if not appealed within thirty days.

Code § 15.2-2311.

The record establishes that the Millers neither appealed the Zoning Administrator's decision, which determined that the Millers were in violation of the zoning ordinance, nor sought a special exemption from the zoning requirements.  As the Supreme Court held in Gwinn v. Alward, 235 Va. 616, 621, 369 S.E.2d 410, 412 (1988), "the decision by the zoning administrator that [the land owner] was operating . . . on the property in violation of the zoning ordinance was a thing decided and was not subject to attack by [the land owner] . . . because [the land owner] never appealed the various decisions in which he was declared in

violation of the zoning ordinance."  See also Guinn v. Collier, 247 Va. 479, 484, 443 S.E.2d 161, 163-64 (1994).

As a result of the zoning violation, which is not now subject to judicial review, see id., the building permit was revoked.  As manifested by the following provision, a building permit is a necessary basis for the issuance of an occupancy permit.  "A certificate of occupancy, indicating completion of the work for which a permit was issued in accordance with this code and any pertinent laws and ordinances shall be obtained prior to any occupancy of a structure . . . ."  13 VAC 5-61-95 (emphasis added).

By focusing solely on appealing the denial of the certificate of occupancy, the Millers failed to appeal the revocation of their building permit, or to appeal the Zoning Aadministrator's ruling, or to seek a special exemption from the zoning requirements.  Absent a valid building permit, however, the Millers could not complete the dwelling and, consequently, could not obtain a certificate of occupancy.

> "'The duty of this court as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions . . . .'"  Dismissal is the proper remedy if "an event occurs which renders it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever . . . ."

- 6 -

Jackson v. Marshall, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995) (citations omitted). "'[C]ourts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative.'" Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964)).

The trial judge did not err in finding the issue moot. Accordingly, we summarily affirm the decision. See Rule 5A:27.

Affirmed.