PRESENT:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell and Lacy, S.JJ.

PAULINE DABNEY

                                        OPINION BY
v.  Record No. 100841      JUSTICE LEROY F. MILLETTE, JR.
                                        June 9, 2011
AUGUSTA MUTUAL INSURANCE
COMPANY, ET AL.

            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                Paul M. Peatross, Jr., Judge Designate

    In this appeal, we consider two issues.  First, whether

the circuit court erred in barring the jury from considering

whether an insurer discovered a claim under an insured's policy

in early 2005 when the plaintiff's amended complaint only

alleged that the insurer discovered the claim in 2004.  Second,

whether the circuit court erred in ruling as a matter of law

that an insured's notice of a claim to its insurer was not made

"as soon as is practical," as required by the insurance policy.

                         I.  BACKGROUND

    On April 9, 2002, Pauline Dabney was in her yard when she

was approached by two pit bull dogs roaming freely through her

neighborhood.  The dogs lunged toward her, and she fell while

attempting to escape from them.  Her shoulder was "knocked

. . . out of place" and her arm was broken in three places as a

result of the fall.

    Shortly after the attack, Dabney sought help from a

friend, William D. Adams, who attempted to locate the owner of

the dogs.  After investigating for a few months, Adams finally discovered that the dogs lived at the home of Elease Otey. Otey, however, had died a few weeks earlier.  In July 2002, Adams went to Otey's house and spoke with Dwight Reynolds, Otey's former boyfriend, who owned the dogs.  Adams confirmed that Reynolds' dogs were the dogs that attacked Dabney.

In November 2002, Thelma Jenkins, Otey's mother and housemate, qualified as the administrator of Otey's estate.  At the time of the attack, Otey held an insurance policy (the Augusta policy) issued by Augusta Mutual Insurance Company (Augusta).  Jenkins did not discover the Augusta policy until March 2003, when she made a claim under the policy for damages resulting from a house fire.  The Augusta policy was cancelled shortly thereafter.

The Augusta policy, which was in effect at the time of Dabney's injury, provides that, as a condition of coverage, "[i]n case of an accident or 'occurrence,' the 'insured' " must "[g]ive written notice to us or our agent as soon as is practical."  The policy also requires that the insured "[p]romptly forward to us every notice, demand, summons or other process relating to the accident or 'occurrence.' "[1]

---

[1] For purposes of our discussion, we assume that the attack that caused Dabney's injuries constitutes an "accident" or "occurrence" under the Augusta policy.

In June 2003, Dabney filed a motion for judgment against Reynolds and Jenkins, as the administrator of Otey's estate, seeking damages for the injuries Dabney sustained in the attack. Jenkins was served in August 2003 and retained a lawyer, Lance Hale, to represent her. On May 5, 2004, Hale sent a letter to Augusta notifying Augusta of Dabney's lawsuit. Hale sent the letter to the address provided in the Augusta policy, but Augusta had moved before the letter was sent and had not notified Otey or Jenkins of its change of address. Hale received no response from Augusta, and the letter was not returned to his office.

On January 18, 2005, Dabney's friend Adams contacted Augusta on Dabney's behalf, and spoke with a representative in the claims department. Adams told the representative about the lawsuit and faxed the May 2004 letter sent by Hale, which the representative said Augusta had not received.

On April 6, 2005, Dabney's counsel, Randy Cargill, in an attempt to settle the claim, sent Augusta a letter, which included Dabney's medical records documenting her injuries. By April 15, Augusta had created an internal office memorandum that contained a narrative of the attack.

On May 13, 2005, Cargill sent Augusta copies of the pleadings in Dabney's personal injury action. On June 20, 2005, Augusta notified Cargill that it would not provide

3

coverage based on the insured's (Jenkins') alleged failure to timely notify Augusta of the claim.

In March 2006, Dabney filed a separate action for declaratory relief against Augusta and Jenkins in her capacity as administrator of Otey's estate. Dabney sought a declaration that Augusta had a duty to defend and indemnify Otey's estate against the claims alleged by Dabney in her motion for judgment. In 2008, the underlying personal injury action settled. Jenkins confessed judgment for $78,000 and assigned to Dabney the estate's claims against Augusta.

Before trial, Augusta filed a motion for summary judgment. Augusta argued that it had no duty to defend or indemnify Otey's estate because Jenkins breached the terms of the Augusta policy by failing to provide Augusta with timely written notice of Dabney's injury and subsequent claim. Dabney responded that whether Jenkins gave timely written notice of Dabney's claim to Augusta was a matter that must be determined by the trier of fact. Dabney also asserted that Augusta waived its right to deny Dabney's claim due to the insured's failure to provide timely notice. According to Dabney, when Augusta failed to provide her or her counsel timely notice of its intention to rely on a defense of Jenkins' alleged breach of the policy, as

4

required by Code § 38.2-2226,[2] Augusta waived its defense based on that breach.  The circuit court denied Augusta's motion.

Thereafter, the circuit court, over Augusta's objection, granted Dabney leave to file an amended complaint, which added the following language:  "The June 2005 notice by defendant Augusta Mutual was untimely and its failure to timely determine the question of coverage for the Otey Estate acts as a waiver of any right it may have to deny coverage."  The amended complaint also stated that Jenkins provided Augusta with the required timely notice of a claim through Hale's May 2004 letter to Augusta.  The amended complaint did not allege any other act as constituting notice to Augusta of Dabney's injuries and subsequent claim.

At trial, Augusta made a motion to strike at the close of Dabney's evidence.  Augusta first argued that the evidence

---

[2] Code § 38.2-2226, entitled "Insurer to give notice to claimant of intention to rely on certain defenses and of execution of nonwaiver rights of agreement," provides in pertinent part:

> Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured, the insurer shall notify the claimant or the claimant's counsel of the breach.  Notification shall be given within forty-five days after discovery by the insurer of the breach or of the claim, whichever is later . . . .  Failure to give the notice within forty-five days will result in a waiver of the defense based on such breach to the extent of the claim by operation of law.

5

showed that Jenkins did not notify Augusta of Dabney's claim until Hale's May 2004 letter - 254 days after service of Dabney's personal injury action pleading was effected upon Jenkins, on August 26, 2003. Augusta asserted that this was a clear breach of the Augusta policy, which requires the insured to give written notice "as soon as [is] practical." Given the length of the delay, Augusta argued that Jenkins' notice was unreasonable as a matter of law.

Second, Augusta addressed Dabney's claim that Augusta waived its defense of lack of timely notice, pursuant to Code § 38.2-2226, by not notifying Dabney of its intent to rely on the defense of Jenkins' breach of the Augusta policy within 45 days of receiving the allegedly untimely notice of the claim from Jenkins. Although the evidence showed that Augusta received information regarding Dabney's personal injury action in January and April 2005, Augusta argued that the jury should not be allowed to consider this evidence because Dabney's amended complaint did not allege that Augusta received notice of Dabney's claim in 2005. According to Augusta, Dabney's amended complaint only alleged that Jenkins provided notice to Augusta in May 2004. For this reason, Augusta contended that the issue submitted to the jury should be limited to whether Augusta had notice of Dabney's claim in May 2004.

6

The circuit court granted Augusta's motion to strike Dabney's evidence regarding Augusta's discovery of the claim in 2005. The court ruled that Dabney was bound by the allegations in her amended complaint, which only alleged that Jenkins gave Augusta notice of Dabney's claim in May 2004. Because the amended complaint did not allege that Augusta discovered the claim at any time in 2005, the court ruled that the jury could not consider whether Augusta had notice of the claim in 2005 for purposes of Dabney's waiver argument under Code § 38.2-2226.

The circuit court stated that the only issue submitted to the jury would be whether Augusta received Hale's May 2004 letter as notice of Dabney's claim. If Augusta did not receive the letter, then the court, based on Dabney's pleading, would conclude that Augusta's defense of Jenkins' breach of the policy was not waived under Code § 38.2-2226. But, if the jury determined that Augusta did receive Hale's May 2004 letter, then the court would conclude that Augusta waived its defense of a breach of the policy because Augusta conceded that there was no communication to Dabney within 45 days of receipt of the May 2004 letter, as required by Code § 38.2-2226. The court took under advisement Augusta's motion that Jenkins' notice under the Augusta policy was untimely as a matter of law.

At the close of all evidence, Augusta renewed its motion to strike on the same grounds, and the court confirmed its earlier ruling. Consistent with its ruling, the court refused Dabney's proposed jury instructions and verdict form that would have allowed the jury to decide whether Augusta discovered Dabney's personal injury action in early 2005, and thus waived its defenses by operation of Code § 38.2-2226. The jury was instructed to make a factual finding whether Augusta received Hale's May 2004 letter. In a "special interrogatory to the jury," the jury found that Augusta did not receive Hale's May 2004 letter.

As a result of this finding, the circuit court ruled as a matter of law that notice of Dabney's claim was never received by Augusta at any time in calendar year 2004, and therefore notice of the accident and claim was untimely under the terms of the Augusta policy. The court also ruled that the waiver provisions of Code § 38.2-2226 did not apply because the jury found that Augusta did not receive Hale's May 2004 letter, which was the alleged notice of the claim. The court entered judgment in favor of Augusta, ruling that it had no obligation to defend or indemnify Otey's estate because Jenkins' notice of a claim under the policy, which is a condition precedent to coverage, was untimely. We awarded Dabney this appeal.

II. DISCUSSION

8

A.  Augusta's Discovery of Dabney's Claim in Early 2005

Dabney argues that the circuit court erred by refusing to allow the jury to consider whether Augusta discovered Dabney's claim in early 2005.  Dabney asserts that the jury should have been allowed to consider whether Augusta was notified of Dabney's claim on January 18, 2005, when Adams contacted an Augusta representative about Dabney's claim or on April 6, 2005, when Cargill sent Augusta a letter regarding Dabney's claim.  It is Dabney's contention that had the jury determined that Augusta received such notice on either date, Augusta's defense of breach of the policy would have been waived by operation of Code § 38.2-2226 because Augusta's notice to Dabney of Jenkins' breach of the policy would have been sent more than 45 days after it discovered Dabney's claim.  In support of this argument, Dabney notes the extensive evidence presented at trial regarding Augusta's discovery of Dabney's personal injury action in early 2005.

Dabney argues that her amended complaint sufficiently pleaded that Augusta's notice to Dabney of a breach of the policy was untimely.  Dabney contends that the language in the amended complaint, which states that "[t]he June 2005 notice by defendant Augusta Mutual was untimely and its failure to timely determine the question of coverage for the Otey Estate acts as a waiver of any right it may have to deny coverage" supports

9

her argument.  Dabney concedes that the only date alleged in the complaint regarding Jenkins' notice to Augusta regarding Dabney's action was Hale's May 2004 letter.  Dabney argues, however, that her allegation that Augusta's notice to her of a breach was untimely was sufficient to allow the jury to consider whether Augusta "discovered" Dabney's claim in early 2005.

The law in Virginia is well established that a court cannot enter judgment based on facts that are not alleged in the parties' pleadings:

> A litigant's pleadings are as essential as his proof, and a court may not award particular relief unless it is substantially in accord with the case asserted in those pleadings.  Brooks v. Bankson, 248 Va. 197, 206, 445 S.E.2d 473, 478 (1994); Gwinn v. Collier, 247 Va. 479, 484, 443 S.E.2d 161, 164 (1994); Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp., 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981).  Thus, a court is not permitted to enter a decree or judgment order based on facts not alleged or on a right not pleaded and claimed.  Hensley v. Dreyer, 247 Va. 25, 30, 439 S.E.2d 372, 375 (1994); Harrell v. Woodson, 233 Va. 117, 121, 353 S.E.2d 770, 773 (1987); Ted Lansing Supply Co., 221 Va. at 1141, 277 S.E.2d at 229; see Ainslie v. Inman, 265 Va. 347, 356, 577 S.E.2d 246, 251 (2003); Smith v. Sink, 247 Va. 423, 425, 442 S.E.2d 646, 647 (1994).

> The rationale supporting this basic rule is plain.  As we have stated, "[e]very litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense. . . .  The issues in a case are made by the pleadings, and not by the testimony of witnesses or other evidence."  Ted Lansing Supply Co., 221 Va. at 1141, 277 S.E.2d at 230 (quoting Potts v. Mathieson

10

Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)).

Jenkins v. Bay House Assocs., L.P., 266 Va. 39, 43-44, 581 S.E.2d 510, 512 (2003).

In this case, Dabney's amended complaint alleged that Hale's May 2004 letter was Jenkins' notice to Augusta of Dabney's personal injury action. The amended complaint did not allege any other time when Augusta received notice or discovered Dabney's personal injury action. Based on these allegations, the case pleaded by Dabney was limited to the theory that Augusta received notice of Dabney's personal injury action in May 2004. The absence of any allegation that Augusta received notice of Dabney's action at any other time precluded the jury's consideration of whether Augusta had notice of Dabney's action in early 2005.

The circuit court's decision properly limited Dabney to relief based on the allegations in her amended complaint. We find no merit in Dabney's argument that the jury should have been allowed to determine whether Augusta had notice of her personal injury action in early 2005 because the evidence presented at trial established such notice. As we stated previously, "[t]he issues in a case are made by the pleadings,

11

and not by the testimony of witnesses or other evidence." Id.[3] Because the amended complaint only alleged that Augusta had notice of Dabney's personal injury action via Hale's May 2004 letter, the circuit court did not err in refusing to allow the jury to determine whether Augusta had notice of Dabney's action in early 2005.

## B. Jenkins' Notice to Augusta

Dabney argues that the circuit court erred by refusing to permit the jury to determine whether Jenkins' notice of a claim was made "as soon as is practical," as required by the Augusta policy. Dabney asserts that this issue should have been decided by the jury, not by the circuit court as a matter of law, in light of the extenuating circumstances as illustrated by the facts of the case. Specifically, Dabney notes that there was a delay of "several months" in identifying the location and owner of the dogs that attacked her. By the time the dogs were located, Otey, the insured, had died. Jenkins, as administrator of Otey's estate, had not discovered the Augusta policy until after the 2003 fire. And Augusta had changed its address without notifying Jenkins. In light of these extenuating circumstances, Dabney contends that the

---

[3] Dabney's counsel did not argue to the circuit court that, pursuant to Code § 8.01-377, its pleading could have been amended to conform to the evidence presented at trial.

12

question whether Jenkins' notice to Augusta was "as soon as is practical" should have been submitted to the jury.

It is well settled that performance of the notice provision of an insurance policy is a condition precedent to coverage, which requires "substantial compliance" by the insured. State Farm Fire & Cas. Co. v. Scott, 236 Va. 116, 120, 372 S.E.2d 383, 385 (1988). In this case, the Augusta policy provided that the insured (here, Jenkins as administrator of Otey's estate) must give Augusta "written notice" of an accident "as soon as is practical." "The requirement that notice be given 'as soon as practicable' means that it must be given within a reasonable time after the accident, and what constitutes a reasonable time depends upon the facts and circumstances of each case." Id.

"Generally, whether notice has been given to the insurer 'as soon as practicable' is an issue to be resolved by a fact finder." Id. The issue only becomes one for the circuit court to decide as a matter of law "when the facts are undisputed and certain." State Farm Mut. Auto. Ins. Co. v. Douglas, 207 Va. 265, 268, 148 S.E.2d 775, 777 (1966). But "when the facts are disputed or the inferences are uncertain, or when there are extenuating circumstances for the delay," then the issue is one of fact for the jury. Id.

13

In Douglas, in addressing whether an insured gave its insurer notice "as soon as practicable," we made it clear that there is not a fixed number of days in which notice must be given for it to be reasonable. Id. at 268, 148 S.E.2d at 778 ("What may be a reasonable time under some conditions may be unreasonable under certain other conditions."). In this case, however, the circuit court ruled as a matter of law that a 254-day delay in providing notice was not reasonable. In making this ruling, the court only focused on the length of the delay, and failed to consider the facts and circumstances surrounding the delay.

The language in the Augusta policy that the insured give notice of an accident "as soon as is practical" means that the notice must be given within a reasonable time after the accident. In this case, the "accident" occurred when Dabney was attacked by the dogs. The timeliness of the notice of the attack must be considered in light of all the facts and circumstances presented in the case.

In this case, there is no evidence that the insured, Otey, knew of the attack before her death. Further, from the evidence, it is not clear when Jenkins first learned of the attack. It took Dabney several months to locate the dogs that attacked her and determine Reynolds to be the owner of the dogs, and Otey to be the owner of the premises on which the

14

dogs were kept.  Also, Jenkins did not discover the Augusta policy until after she made a claim under the policy for a house fire that occurred in March 2003.  Shortly after that time, the Augusta policy was canceled.  Jenkins attempted to send Augusta notice of Dabney's personal injury action in May 2004.  The letter, sent by her attorney Hale, was sent to the address listed in the Augusta policy, which unbeknownst to Jenkins was not Augusta's current address at the time the letter was sent.

Given the extenuating circumstances presented in this case, whether Jenkins' notice was timely under the Augusta policy was a question of fact upon which reasonable minds could disagree.  For this reason, the circuit court erred in ruling that Jenkins' notice was untimely under the Augusta policy as a matter of law.  The issue whether Jenkins' notice "substantial[ly] compli[ed]" with the Augusta policy's condition precedent - that notice of an accident be given "as soon as is practical" - should have been submitted to the jury. Scott, 236 Va. at 120, 372 S.E.2d at 385.

### III.  CONCLUSION

For the foregoing reasons, we will affirm the circuit court's judgment barring the jury from considering whether Augusta discovered Dabney's personal injury action in early 2005, reverse the judgment of the circuit court ruling that

15

Jenkins' notice to Augusta was untimely as a matter of law, and remand the case for further proceedings.  On remand, the question of whether Jenkins substantially complied with the Augusta policy's notice requirement shall be decided by the jury.

Affirmed in part,
reversed in part,
and remanded.