## CIRCUIT COURT OF CHESTERFIELD COUNTY

Ronnie D. Inscoe et ux.

v.

Edward W. Nunnally, Jr., et ux.

February 3, 1989

Case No. 88-193

By JUDGE HERBERT C. GILL, JR.

On November 17, 1988, this court awarded Plaintiffs $3,000.00 in their claim for recovery of a security deposit and granted Defendants' request for lost rent in the amount of $1,320.00. Pursuant to Plaintiffs' motion to rehear, counsel presented limited argument on December 27, 1988.

Upon consideration of the rulings at trial and argument presented, it is the opinion of the Court that Plaintiffs' action fails to warrant a favorable holding and that the Court appropriately granted Defendants' counterclaim in the amount of $1,320.00. Although Plaintiffs are not entitled to relief upon the grounds stated in their Bill of Particulars, Defendants may recover against the security deposit only that amount awarded pursuant to their counterclaim, i.e., Plaintiffs are entitled to that amount remaining after satisfaction of Defendants' judgment. Counsel for Defendants is directed to draft an order in accordance with this opinion.

The claims presented arose from a written lease dated June 23, 1987. Lease provisions relevant to the parties' respective claims include:

Lessor hereby leases to Lessee and Lessee rents from Lessor, upon the terms and conditions herein

set forth, the certain property known as 3309 Walmsley Boulevard, Richmond, Virginia, for a term of three years commencing on the 15th day of June, 1987 . . .

1. *Security Deposit* . . . If lessee exercises the option to purchase as set forth in paragraph 3 hereof, said Security Deposit will be applied to the down payment. In the event of any breach or failure of Lessee hereunder, the Lessor shall have the right to use and apply the said security in the manner provided and permitted by law . . .

2. *Notice Required to Terminate.* Unless the option to purchase set forth in paragraph 3 below is exercised during the term of this lease, either Lessee or Lessor by written notice at least 60 days prior to the end of the term as hereinabove set forth may terminate this lease . . .

Counsel presented evidence that Plaintiffs provided written notification of intent to terminate the lease by correspondence dated March 11, 1988, and that Plaintiffs subsequently surrendered possession on May 15, 1988. Evidence was also presented that Defendants incurred loss of rent for June, July, and August, 1988, at the rate of $440.00 per month, for a total of $1,320.00.

Plaintiffs argue that the notice of termination was effective and that the subsequent surrender of possession was permitted under the contract. Plaintiffs specifically assert that the provision, "either Lessee or Lessor by written notice at least 60 days prior to the end of the term as hereinabove set forth may terminate this lease. . ." permits termination at any time within the three year term provided that written notification of an intent to terminate is received sixty days prior to surrender of the premises. Defendants argue that Plaintiffs abandoned the lease without legal justification and that Defendants may recover as damages rent lost.

In construing the contract, it should be considered as a whole, *Northern Va. Sav. & Loan Ass'n. v. J. B. Kendall Co.*, 205 Va. 136 (1964), and as written, *Ross v. Craw*, 231 Va. 206 (1986). The construction must be

reasonable and just. *Dart Drug Corp. v. Nicholakos*, 221 Va. 989 (1981).

The notice provision reasonably construed as written, and in the context of the contract as a whole, provides that upon exercise of the purchase option, the lessee may terminate the lease with sixty days' written notification. The contract provides not only the terms of the lease but also the conditions under which an option to purchase the realty may be exercised. The purchase option is a critical object, if not the crucial subject matter, of the contract.

Plaintiffs' construction is unreasonable given the nature of the contract. The notice of termination clause is implicitly, if not expressly, conditioned upon the exercise of the option. Paragraph # 2 states in part, "Unless the option to purchase set forth in paragraph 3 below is exercised during the term of this lease . . ." Although the clause setting forth the aforementioned condition may be poorly phrased with the use of "unless," in the context of the contract as a whole, its meaning is nonetheless plain.

The purchase option was not exercised and thereby the notice provision relied upon by Plaintiffs is not applicable. Hence, Plaintiffs abandoned the lease agreement and by the terms of the contract, surrendered the security deposit "in the manner provided and permitted by law."

Defendants may recover rents accrued after abandonment and up to reentry, *tenBraak v. Waffle Shops Inc.*, 542 F.2d 919 (4th Cir. 1976). Upon renting an abandoned unit for a term beginning prior to the expiration of the rental agreement, "it is deemed to be terminated as of the date the new tenancy begins." Va. Code, Section 55-248.35 (1986).

Defendants presented evidence of rent accrued after abandonment and prior to reentry as damages incurred in the amount of $1,320.00 for the months of June, July, and August, 1988. Pursuant to Rule 1:4(d) of the Supreme Court of Virginia, Defendants were precluded from presenting evidence of additional damages. In regard to notice pleading, Rule 1:4(d) requires that, "no relief should be granted that does not substantially accord with the case as made in the pleading." *Ted Lansing Supply v. Royal Alum.*, 221 Va. 1139 at 1141 (1981), citing *Bank of Giles County v. Mason*, 199 Va. 176 (1957). Therefore, Defendants' relief

is limited to the damages pled. Defendants are awarded $1,320.00 which may be satisfied from the security deposit.