## CIRCUIT COURT OF LOUDOUN COUNTY

Chesapeake & Potomac
Telephone Co. of Va.

v.

Lane Construction Corp. et al.

### June 2, 1992

### Case No. (Law) 12563

BY JUDGE THOMAS D. HORNE

This case comes before the Court upon C&P's motion to conform their pleadings to the evidence and for the Court to reconsider its prior judgment entered in favor of Lane. Both motions must be denied.

Plaintiff did not, despite having been granted leave to amend their pleadings prior to trial, set forth a claim for recovery predicated upon common law negligence. It was only after the Court had heard the evidence and rendered its judgment adverse to the Plaintiff, that the motion to conform was filed pursuant to § 8.01–377, Code of Virginia.

Plaintiff, in its pleadings, claimed recovery for various statutory violations of the Underground Utility Damage Prevention Act, Chapter 10.3 of Title 56, Code of Virginia, as amended. The Court believes those amendments effective July 1, 1990, to be substantive in nature and therefore not applicable to the instant case. *Marion v. Marion*, 11 Va. App. 659 (1991). Of the significance of pleadings, the Supreme Court has said,

> [P]leadings are as essential as proof and no relief should be granted that does not substantially accord with the case as made in the pleadings. *Ted Lansing Supply v. Royal Aluminum*, 221 Va. 1139, 1141 (1981). (Citations omitted.)

Plaintiff's motion comes after the trial. Both sides had rested their cases. A fair reading of § 8.01–377 indicates that the Court may

amend the pleadings at the trial, not afterward; otherwise, counsel would be given license to retry their case through a post-hoc evaluation of the relationship of the evidence to theories of recovery identified by the trial judge. Even were the Court to assume that such an amendment could be made after the Court had determined the matter upon the merits, it finds in this case that such an amendment cannot be made without prejudice to Lane in contravention of the express provisions of Section 8.01–377, Code of Virginia, 1950.

Mr. Kasimer may draw a Final Order consistent with this opinion denying the motions of the Plaintiff and entering final judgment in favor of Lane. The motion for sanctions is denied.