## CIRCUIT COURT OF STAFFORD COUNTY

John Marshall Collins
and James Mason Collins

v.

Caroline Phillips Eskridge et al.

December 5, 1994

Case No. (Chancery) 94000142

BY JUDGE JAMES W. HALEY, JR.

The issue here for resolution is whether the pleadings permit, and the evidence and law justify, the enlargement of a right of ingress and egress from 25 to 30 feet in width on the grounds that it is a public road.

John Marshall Collins and James Mason Collins filed a verified Bill of Complaint seeking the establishment of "an easement for ingress and egress to and from State Route 661 by reservation, grant, necessity, and prescription . . . ." The body of the pleading does not set forth a width of the claimed easement, but a January 31, 1994, survey, incorporated by reference as Exhibit A shows "25 R/W easement."

Service was obtained upon twenty named defendants, and a guardian ad litem was appointed for parties unknown served by order of publication.

One named defendant, Caroline Phillips Eskridge, filed an Answer and Cross-Bill asserting that she likewise had an easement upon the same bases as the Complainants and specifically referred to Exhibit A. The guardian filed an appropriate Answer. No other defendants responded.

The evidence showed that present State Route 661 (then known as the "Creek Road") once led to U.S. Route 1, was maintained by Stafford County, and was used as a public road. In the 1930's the terminal property serviced by the Creek Road was purchased by one Ware and "the County turned it over to Ware, then Ware, when they sold the property, the owner taken that over." (Tr. 10.) Since that time no governmental entity has maintained that portion of the road, nor has it been used by the public, and Complainants' Exhibit A, the January 31, 1994, survey, locates a sign showing "End of State Main. for State Route # 661." The easement

sought is thus an extension from present State Route 661 along that road's old bed.

The evidence established without contradiction the existence of the easement on the bases pleaded and no party to the proceeding disagrees with that conclusion. But the cause does not there end.

Caroline Phillips Eskridge asks the court to define the width of the easement established at 30 rather than 25 feet. She argues that § 2039(32) of the 1928 Code of Virginia (now Va. Code § 33.1-84) grants a presumption that public roads are 30 feet wide and that "In the absence of satisfactory evidence of discontinuance, vacation or abandonment, the presumption is in favor of the continuance of the [public] highway with the principal and incidental rights attached to it." *Moody v. Lindsey*, 202 Va. 1, 6, 115 S.E.2d 894, 898 (1960).

For the following reasons the court declines to expand the width of the right of ingress and egress to 30 feet.

First, Rule of Court 1:4(d) requires that "Every pleading shall . . . clearly inform(s) the opposite party of the true nature of the claim . . . ." Thus, in *Ted Lansing Supply v. Royal Aluminum*, 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981), the Supreme Court stated:

> It is firmly established that no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed. *Potts v. Mathieson Alkali Works*, 165 Va. 196, 207, 181 S.E. 521, 525 (1935). "Pleadings are as essential as proof, and no relief should be granted that does not substantially accord with the case as made in the pleading." *Bank of Giles County v. Mason*, 199 Va. 176, 180, 98 S.E.2d 905, 907 (1957); see also, *Lee v. Lambert*, 200 Va. 799, 802, 108 S.E.2d 356, 358 (1959). This rule is clearly stated in *Potts* as follows:
>
> "The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed . . . Pleadings are as essential as proof, the one being unavailing without the other. A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void . . . . Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense . . .

The issues in a case are made by the pleadings, and not by the testimony of witnesses or other evidence." 165 Va. at 207, 181 S.E. at 525.

See also, *Harrell v. Woodson*, 233 Va. 117, 121, 353 S.E.2d 770, 773 (1987). Strikingly similar to the instant case is *Stanley v. Mullins*, 187 Va. 193, 45 S.E.2d 881 (1948). There the court held that a demurrer should have been sustained because the bill did not set forth "whether [complainants] claim a private right of passage by prescription or a public right of passage over a public road." 187 Va. at 196, 45 S.E.2d at 883.

In the instant cause Eskridge adopted the theory of private right of passage set forth in the original Bill and further specified, by referring to the January 31, 1994, survey, a claim in the width of 25 feet. Thus, the pleadings made no party aware that Eskridge claimed the passage was a public way 30 feet in width. Accordingly, the relief requested is beyond the scope of the pleadings and cannot for that reason be granted.

Secondly, Va. Code § 2039(32) relied upon by Eskridge states that with respect to a public road "in the absence of proof to the contrary, the width shall be presumed to be thirty feet." The only evidence in this cause is that the maximum width of the road at any point is 25 feet. The surveyor testified that the road is "probably 15 to 20 feet wide . . . in some places it is twenty-five feet wide . . . ." (Tr. 4.) Accordingly, the statutory presumption is rebutted by the only evidence on point. Contrast *Commonwealth v. Kinzie*, 165 Va. 505, 183 S.E. 190 (1935).

Finally, Eskridge relies upon the principle set forth in the quotation from *Moody, supra*. Again, however, the court must look to the pleadings. The Bill of Complaint alleges that "a terminus was created" on State Route 661 and that "the County of Stafford ceased maintaining the road at the 'end of State Maintenance' shown on" Exhibit A. Eskridge in her Answer neither admitted nor denied that assertion, but in her Cross-Bill adopts the quoted language verbatim. Thus there is no dispute raised in the pleadings as to that issue, and in addition, all the evidence, both oral and documentary, without contradiction, establishes that there was in the 1930's a "discontinuance, vacation, or abandonment" by public authority of the relevant portion of the then "Creek Road."