Present:  All the Justices

MELANIE L. FEIN, TRUSTEE

                                        OPINION BY
v.  Record No. 112320        JUSTICE WILLIAM C. MIMS
                                     November 1, 2012
MEHRMAH PAYANDEH

                FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                        Jeffrey W. Parker, Judge

     In this appeal, we consider whether the circuit court

erred when it found that a Fauquier County subdivision did not

violate a restrictive covenant requiring compliance with the

county's subdivision ordinance in effect in 1997.  We review

whether the circuit court erred when it (a) ruled that Fauquier

County's 1997 subdivision ordinance did not incorporate the

requirements of its 1997 zoning ordinance by implication; and

(b) refused to consider claims that the subdivision violated

certain provisions of the 1997 subdivision ordinance not

specifically referenced in the amended complaint.

                            I. BACKGROUND

     The Melanie L. Fein Management Trust ("Fein") and Mehrmah

Payandeh ("Payandeh") each own multiple lots in the Apple Manor

Subdivision in Fauquier County.  All lots in the subdivision

are subject to a recorded declaration of covenants, conditions

and restrictions that includes the following restrictive

covenant:

          No purchaser, owner or member shall be
     allowed to subdivide or resubdivide any lots

                                1

herein, with the exception of lots 4R, 7R, 8 and 9R, so as to produce a greater number of smaller lots than currently exist. Lot Numbers 4R, 7R, 8 and 9R may be resubdivided subject to the provisions of the Fauquier County Subdivision Ordinance in effect as of the date of execution of this Deed of Modification of Covenants.

Lots 4R, 7R, 8 and 9R are among the lots owned by Payandeh. The deed of modification referenced in the restrictive covenant was executed on or about May 28, 1997.

In April 2006, Payandeh submitted a land development application to the Fauquier County Department of Community Development seeking the waiver of certain sections of the Fauquier County zoning and subdivision ordinances so she could subdivide lots 4R, 7R, 8, and 9R into eight smaller lots. In particular, Payandeh requested waivers of § 7-302(1)(B) of the Fauquier County Zoning Ordinance ("FCZO")[1] and § 2-39(3)(C)(3)

---

[1] FCZO § 7-302(1)(B), in effect on May 28, 1997, provided that a "private street [within a development] must connect directly to a state maintained street" unless

modified by the Board [of Supervisors] in conjunction with a request for a special exception permit, site plan approval or subdivision plan approval provided the applicant can show that no other remedy is realistically feasible, that plausible alternatives have been exhausted, that to not so modify the applicable limitation(s) would place an unreasonable restriction on the use of the property and that properties through which access is planned will not be unreasonably affected.

of the Fauquier County Subdivision Ordinance ("FCSO") to accommodate the private streets she proposed.[2]

After the Fauquier County Planning Commission recommended to the Fauquier County Board of Supervisors (the Board) that Payandeh's waiver request be denied, she proposed a text amendment to FCZO § 7-302 to allow the Board to consider certain development limitations as a factor for granting a waiver of the requirement that a private street must connect directly to a state maintained street.  Following a public hearing, the Board adopted the proposed text amendment[3] and approved Payandeh's waiver request.  Payandeh's request for a waiver of the road design standards of FCSO § 2-39(3)(C)(3) was

---

[2] FCSO § 2-39(3)(C)(3), in effect on May 28, 1997, permitted approval by the Fauquier County Subdivision Agent of the "division of a lot, tract or parcel of land into two or more parcels all of which are fifty (50) acres or greater for the purpose of transfer of ownership or building development" provided that "the design standards of Article 7-303.1 of the Zoning Ordinance are met."

[3] The amendment, adopted by the Board on March 8, 2007, provides that in reviewing waiver applications,

> the Board may consider as an additional factor
> in granting such waiver the development
> limitations which are imposed on the subject
> property because the proposed division is either
> (1) a family transfer pursuant to § 2-39 of the
> Fauquier County Subdivision Ordinance, or (2) a
> large lot subdivision pursuant to § 2-310 of
> this Ordinance provided that the parent property
> is subject to a conservation easement held by a
> body politic or a political subdivision of the
> State.

3

also approved, and her land development application was approved on October 25, 2007.

Fein filed a declaratory judgment action seeking, among other relief, a declaration from the circuit court that the subdivision is "null and void as contrary to the [Apple Manor Subdivision] Covenants." In her amended complaint, Fein alleged that the subdivision violated the restrictive covenant because it was not in compliance with the zoning ordinance in effect on May 28, 1997. Although the restrictive covenant does not reference the zoning ordinance explicitly, Fein asserts that it did so by implication. Her argument is that the restrictive covenant requires any proposed subdivision by Payandeh to comply with the subdivision ordinance as it was in effect on May 28, 1997, and the subdivision ordinance requires subdivision applications to comply with "other County ordinances" (FCSO § 2-39(3)(C)(1)). Therefore, Payandeh's proposed subdivision also must comply with the zoning ordinance as it was in effect on May 28, 1997. Fein further alleged that FCZO § 7-302 in effect on May 28, 1997 required a private street to connect directly to a public street. Consequently, without the text amendment adopted in 2007, the waiver of this requirement could not have been approved.

Fein also alleged in her amended complaint that Payandeh's subdivision violated the subdivision ordinance:

4

> 11. The Subdivision violates the Covenants because it violates the Fauquier County Subdivision Ordinance in effect as of the Execution Date.

However, the amended complaint did not state with particularity what provisions of the subdivision ordinance allegedly were violated.

The parties filed a joint stipulation of facts and cross-motions for summary judgment. In Fein's motion for summary judgment, she asserted, as she had done in her amended complaint, that the subdivision ordinance in effect in May 1997 required compliance with "all other county ordinances, including the County's Zoning Ordinance." [4] The zoning ordinance in effect in May 1997 required all private streets to connect directly to public streets unless waived by the Board. According to Fein, since Payandeh required the 2007 text amendment to the zoning ordinance to obtain approval of the private streets in her subdivision, it violated the zoning ordinance in effect in May 1997. Fein contended, therefore, that Payandeh's subdivision violated the restrictive covenant and should be invalidated.

---

[4] FCSO § 2-39(3)(C)(1) permits approval by the subdivision agent of the "division of a lot, tract or parcel of land into two or more parcels all of which are fifty (50) acres or greater for the purpose of transfer of ownership or building development" provided that "the lots/layout conform to requirements of this Ordinance and other County Ordinances."

5

Payandeh's motion for summary judgment asserted that the subdivision was lawfully approved and conformed to the restrictive covenant. She argued that the restrictive covenant did not incorporate by reference the zoning ordinance. She also argued that the parties to the restrictive covenant did not intend to freeze in time the provisions for subdivision of May 1997, and, even if they did, the amended complaint did not allege that her subdivision violated provisions of the subdivision ordinance.

Subsequently, Fein filed an amended motion for summary judgment that amplified her previous arguments: "the Subdivision Agent who approved the subdivision lacked the authority to approve the subdivision as the subdivision did not comply with the Subdivision Ordinance." Fein claimed the subdivision did not comply with FCSO § 2-39(3)(C)(3), which requires compliance with certain road design standards. In Fein's brief in opposition to Payandeh's motion for summary judgment, she also argued the subdivision was improperly approved because it did not comply with FCSO § 2-39(3)(C)(4), which requires the establishment of a homeowner's association,

6

and FCSO § 2-39(3)(C)(5), which requires Virginia Department of Transportation approval for the highway entrance.[5]

The circuit court granted Payandeh's motion for summary judgment and denied Fein's amended motion for summary judgment. The court ruled that Fein's amended complaint did not include the referenced claims relating to alleged violations of the subdivision ordinance that she made in her amended motion for summary judgment and supporting briefs, finding instead that they constituted a separate cause of action.

The court further ruled that the plain language of the restrictive covenant required compliance only with the subdivision ordinance and did not include the zoning ordinance by implication. Thus, Payandeh was entitled to judgment on Fein's claim that the subdivision violated the restrictive

_____

[5] The four subparagraphs of the subdivision ordinance that are relevant to this case state:
    C) The division of a lot, tract or parcel of land into two or more parcels all of which are fifty (50) acres or greater for the purpose of transfer of ownership or building development provided:
        1) the lots/layout conform to requirements of this Ordinance and other County Ordinances;
        . . . .
        3) the design standards of Article 7-303.1 of the Zoning Ordinance are met, except that the right-of-way width may be reduced as provided above.
        4) the homeowners association is established with covenants which provide for the maintenance and upkeep of the private street;
        5) the highway entrance is approved by Virginia Department of Transportation. . . .

7

covenant by reason of its noncompliance with FCSO § 2-39(3)(C)(1) requiring conformance with the "requirements of . . . other County Ordinances."

## II.  ANALYSIS

Fein argues on appeal that the circuit court erred in granting Payandeh's motion for summary judgment and in denying Fein's motion for summary judgment because the evidence demonstrated that the subdivision violated the restrictive covenant by reason of its noncompliance with subsections (1),(3),(4), and (5) of FCSO § 2-39(3)(C).  Fein also contends the circuit court erred in ruling that Fein's amended motion for summary judgment raised a new cause of action not pleaded in her amended complaint and in refusing to permit her to amend her complaint a second time.

### A. Noncompliance with FCSO § 2-39(3)(C)(1)

The circuit court ruled only on Fein's claim that the subdivision violated the restrictive covenant because it did not comply with FCSO § 2-39(3)(C)(1) in effect in 1997 and therefore did not comply with the zoning ordinance by implication.

The circuit court's interpretation of the restrictive covenant is "a question of law, which we review de novo." Scott v. Walker, 274 Va. 209, 212, 645 S.E.2d 278, 280 (2007).

8

According to the restrictive covenant, Payandeh's lots "may be resubdivided subject to the provisions of the Fauquier County Subdivision Ordinance in effect as of the date of execution," which was in May 1997. FCSO § 2-39(3)(C)(1) permits approval of subdivisions provided "the lots/layout conform to requirements of this Ordinance and other County Ordinances." Fein argues that this subsection's reference to "other" county ordinances required compliance with the 1997 zoning ordinance, specifically including the requirement that private streets must connect to public streets in FCZO § 7-302. Fein contends that because the subdivision of Payandeh's lots required the 2007 amendment to FCZO § 7-302, the subdivision did not comply with the 1997 zoning ordinance and therefore did not comply with "other County Ordinances" in effect in 1997.

As we have recognized, "courts of equity will enforce restrictive covenants where the intention of the parties is clear and the restrictions are reasonable." Scott, 274 Va. at 212-13, 645 S.E.2d at 280. Restrictive covenants "are not favored, and the burden is on him who would enforce such covenants to establish that the activity objected to is within their terms. They are to be construed most strictly against the grantor and persons seeking to enforce them." Id. at 213, 645 S.E.2d at 280; see also Waynesboro Vill., L.L.C. v. BMC Props., 255 Va. 75, 80, 496 S.E.2d 64, 67-68; Anderson v. Lake

9

Arrowhead Civic Ass'n, 253 Va. 264, 269, 483 S.E.2d 209, 212 (1997); Schwarzschild v. Welborne, 186 Va. 1052, 1058, 45 S.E.2d 152, 155 (1947).

To sustain Fein's claim, we would have to construe the restrictive covenant to require compliance not only with the 1997 subdivision ordinance, but also with the 1997 zoning ordinance, despite the absence of any specific reference to the zoning ordinance in the restrictive covenant. Furthermore, we would have to construe FCSO § 2-39(3)(C)(1) to require conformance with FCZO § 7-302 in effect in 1997 without regard to any subsequent amendments, despite the absence of any reference to the effective date for the "other County Ordinances" to which the subdivision must conform. To construe the restrictive covenant so broadly, in the absence of specific language directing that result, "would run contrary to the presumption in favor of the right to free alienation of land and the strict construction of covenants that would limit that right." Anderson, 253 Va. at 270, 483 S.E.2d at 212. Thus, the circuit court did not err in ruling that Payandeh was entitled to judgment on this claim.

B. Noncompliance with FCSO § 2-39(3)(C)(3),(4), and (5)

Fein also asserts on appeal that the circuit court erred by entering judgment in favor of Payandeh because the evidence showed that Payandeh's subdivision violated the restrictive

10

covenant by not complying with subsections (3),(4) and (5) of FCSO § 2-39(3)(C). Fein argues that these assertions were included within her amended complaint. Therefore, Fein contends the circuit court erred in refusing to consider these arguments in ruling on the cross-motions for summary judgment.

Payandeh responds that the circuit court properly limited its consideration to Fein's argument that the subdivision violated FCSO § 2-39(3)(C)(1) in reliance on the general principle that "'[n]o court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed.'" Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp., 221 Va. 1139, 1141, 277 S.E.2d 228, 230 (1981) (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)).

We disagree. In Paragraph 11 of her amended complaint, Fein alleged that the subdivision violated the restrictive covenant because it did not comply generally with the subdivision ordinance in effect on May 28, 1997. In her amended motion for summary judgment and supporting briefs, Fein again argued that the subdivision did not comply with the 1997 subdivision ordinance because it did not satisfy the particular

11

requirements set forth in subsections (3),(4), and (5).[6]  Though particularized for the first time, this argument was not a new or different claim than made in Paragraph 11 of the amended complaint.  Rather, Fein's argument simply set forth in more particular detail the provisions of the subdivision ordinance on which she relied to support her claim in the amended complaint.  Therefore her argument " 'substantially accord[ed] with the case as made in the pleading.' "  Ted Lansing, 221 Va. at 1141, 277 S.E.2d at 229-30 (quoting Bank of Giles County v. Mason, 199 Va. 176, 180, 98 S.E.2d 905, 907 (1957)).  Compare Federal Land Bank of Baltimore v. Birchfield, 173 Va. 200, 216, 3 S.E.2d 405, 412 (1939) (amendments that only amplify the allegations or prayer for relief do not introduce a new cause of action).

We also reject Payandeh's contention that the consideration of Fein's argument that consideration of subsections (3),(4) and (5) would violate Rule 1:4(d).  Rule 1:4(d) requires that every pleading "state the facts on which

_____

[6] The circuit court incorrectly perceived Fein's argument to be that the county failed to follow its own ordinance by improperly approving the subdivision.  The court focused on language in Fein's amended motion for summary judgment stating that the county "lacked authority" to approve the subdivision because of its noncompliance with the subdivision ordinance. However, at the hearing, Fein repeatedly emphasized that the argument asserted in her amended motion for summary judgment addressed the "same issue [as in her amended complaint] does the subdivision comply with the subdivision ordinance."

12

the party relies" and "clearly inform[] the opposite party of the true nature of the claim." Fein's amended complaint alleged the facts surrounding the execution of the restrictive covenant and Payandeh's subdivision. The amended complaint expressly alleged that "the [s]ubdivision violates the Covenants because it violates the Fauquier County Subdivision Ordinance in effect as of the Execution Date [of the deed]." These allegations were sufficient to put Payandeh on notice of the "true nature" of Fein's claim.[7]

Because Fein's claim that the subdivision violated FCSO § 2-39(3)(C)(3),(4) and (5) did not introduce a new claim, the circuit court erred in refusing to consider Fein's arguments relating to these provisions of the subdivision ordinance.

### III. CONCLUSION

In sum, we hold that the circuit court did not err in granting Payandeh's motion for summary judgment and denying Fein's amended motion for summary judgment on Fein's claim that the subdivision violated the restrictive covenant by reason of

---

[7] The amended complaint specifically described one basis for Fein's claim – that the subdivision did not comply with the zoning ordinance in effect in 1997. This specificity, however, did not preclude Fein from asserting other bases for Fein's separate claim in Paragraph 11 that the subdivision did not comply with the subdivision ordinance in effect in 1997. Payandeh was certainly entitled to file discovery or a motion for a bill of particulars pursuant to Rule 3:7 for an order requiring Fein to "amplify" the grounds asserted in Paragraph 11 of the amended complaint.

its noncompliance with FCSO § 2-39(3)(C)(1) in effect in 1997. However, we further hold that the circuit court erred in refusing to consider Fein's claim that the subdivision violated FCSO § 2-39(3)(C)(3),(4) and (5) in effect in 1997. Accordingly, we will remand this case to the circuit court for consideration of that claim.[8]

Affirmed in part,
reversed in part,
and remanded.

---

[8] Our resolution of this issue in Fein's favor renders unnecessary our consideration of Fein's claim that the circuit court erred in refusing to permit her to amend her complaint a second time.

JUSTICE McCLANAHAN, with whom JUSTICE POWELL joins, concurring in part and dissenting in part.

I agree with the majority's holding that the circuit court did not err in granting judgment in favor of Payandeh with regard to Fein's claim that the subdivision violated the restrictive covenant because it violated FCSO § 2-39(3)(C)(1) requiring compliance with "other" county ordinances. However, I disagree with the majority's holding that the circuit court erred in refusing to consider Fein's claim that the subdivision violated the restrictive covenant because it violated FCSO § 2-39(3)(C)(3), (4) and (5). This was not the claim presented to the circuit court and we should not consider it for the first time on appeal.

In Fein's original motion for summary judgment, she argued that because the 2007 text amendment was required for subdivision approval, the subdivision was not in compliance with the 1997 subdivision ordinance and, therefore, violated the restrictive covenant. In Fein's amended motion for summary judgment, she added a claim that the subdivision agent lacked authority to administratively approve the subdivision by reason of its noncompliance with subsections (3),(4), and (5) of FCSO

15

§ 2-39(3)(C).[1]  This claim was fundamentally different from Fein's claim in her amended complaint that the subdivision violated the restrictive covenant by reason of its noncompliance with the 1997 subdivision ordinance.[2]

The law in Virginia is well established that a court cannot enter judgment based on a claim that is not alleged in the pleadings.  Dabney v. Augusta Mut. Ins. Co., 282 Va. 78, 86, 710 S.E.2d 726, 730-31 (2011).  " 'Pleadings are as essential as proof, and no relief should be granted that does

---

[1] Fein contended the subdivision "was not a large lot subdivision pursuant to section 2-39(3)(C) because it did not comply with 2-39(3)(C)(3), which could not be waived" and "could not be administratively approved pursuant to section 3-2(A)."  Thus, Fein argued, the subdivision agent lacked the authority to administratively approve the subdivision under "section 3-2(A) of the Subdivision Ordinance" or as "a lawful large lot subdivision."  Expanding on this claim in her brief in opposition, Fein asserted the subdivision was improperly approved as a large lot division because it did not comply with FCSO § 2-39(3)(C)(4), which requires the establishment of a homeowner's association, and FCSO § 2-39(3)(C)(5), which requires Virginia Department of Transportation approval for the highway entrance.

[2] As the circuit court stated at the hearing on the cross-motions for judgment, the claim added to the amended motion for summary judgment was "that the county failed to follow its own subdivision ordinance on issues of lot approval.  And, therefore, because the county failed to comply with the subdivision ordinance, the subdivision is invalid."  The circuit court further explained that "[u]p to this point in time, [Fein was] asserting rights that were in the possession of a lot owner of the subdivision who could enforce covenants, if, in fact, those covenants were violated."  But in the amended motion for summary judgment, Fein was claiming that "the county did not follow its own ordinances and, therefore, the actions of the county should be voided."

not substantially accord with the case as made in the pleading.' " Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp., 221 Va. 1139, 1141, 277 S.E.2d 228, 229-30 (1981) (quoting Bank of Giles County v. Mason, 199 Va. 176, 180, 98 S.E.2d 905, 907 (1957)). Therefore, " '[n]o court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed.' " Ted Lansing, 221 Va. at 1141, 277 S.E.2d at 230 (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)).

In my view, the circuit court properly limited its consideration of the motions for summary judgment to the allegations in Fein's amended complaint. The amended complaint alleged that the subdivision violated the restrictive covenant. It did not allege that the subdivision agent lacked the authority to approve the subdivision. Therefore, the circuit court could not enter judgment on this claim.

In fact, the claim that Fein now asserts on appeal as having been precluded by the circuit court is not the same claim she made in her amended motion for summary judgment. Fein argues in this Court that the circuit court erred in entering judgment against her because the evidence showed the subdivision violated FCSO § 2-39(3)(C)(3),(4) and (5), not that the subdivision agent was without lawful authority to approve

17

the subdivision.  Because this was not the claim presented to the circuit court, I would hold that we should not consider it for the first time on appeal.  See Rule 5:25; Hawthorne v. VanMarter, 279 Va. 566, 581, 692 S.E.2d 226, 235 (2010).[3]

For these reasons, I would affirm the circuit court's judgment in its entirety.

---

[3] Having concluded that the circuit court properly refused to consider Fein's new claim that the subdivision agent lacked authority to approve the subdivision, I would not consider Fein's contention that the circuit court erred in refusing to permit Fein to amend her complaint a second time because Fein did not move for leave to permit an amendment.  See Rule 5:25; Jones v. Ford Motor Co., 263 Va. 237, 261, 559 S.E.2d 592, 604 (2002); P.L. Farmer, Inc. v. Cimino, 185 Va. 965, 970, 41 S.E.2d 1, 3 (1947).