## CIRCUIT COURT OF THE CITY OF NORFOLK

Benjamin N. Hoover

v.

Epicurian, Inc.,
t/a Magnolias Restaurant,
and Robert Kelley Brainard, Jr.

May 8, 2015

Case No. CL14-4741

BY JUDGE JERRAULD C. JONES

This matter comes before the Court on Defendant Epicurian's Motion in Limine To Exclude Any Evidence, Suggestion, or Argument That the Restaurant Employees Improperly Served Free Alcohol to Co-Defendant Brainard or Other Members of his Group." Defendant's Motion relates to proffered evidence that, during the course of events which gave rise to this cause of action, Epicurian's employees provided alcoholic beverages to Defendant Brainard and his group free of charge.

The essential question the Court must answer is whether evidence relating to these "free drinks" is admissible, and, if so, the extent of that admissibility.

On May 4, 2015, the parties presented oral argument on this motion. Epicurian also submitted a brief in support of its position. The Court has carefully considered and examined each of the arguments made by all parties relating to this motion.

The Court finds that any provision of "free drinks" from Epicurian, a licensee, to Brainard and his group, non-licensees, is not a *per se* violation of Va. Code § 4.1-308, the statute cited in open court by Plaintiff's counsel. The Court also finds that, if this conduct ran afoul of the Code, Plaintiff would be unable to present such evidence because that theory of recovery was not raised in the pleadings. *Ted Lansing Supply v. Royal Aluminum & Const. Corp.*, 221 Va. 1139, 1141, 277 S.E.2d 228 (1981).

Accordingly, the Court grants Defendant Epicurian's motion, and orders that Plaintiff is barred from making any argument or implication that Defendant violated Va. Code § 4.1-308, or any other related statute, at trial. This ruling does not, however, prohibit the admission of evidence

254

that Epicurian provided these "free drinks" on the night in question for a permissible evidentiary purpose.