COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Fulton, Callins and Senior Judge Humphreys
Argued at Christiansburg, Virginia


HAROLD SPELL, III, ET AL.

                                                    MEMORANDUM OPINION* BY
v.          Record No. 1668-24-3              JUDGE ROBERT J. HUMPHREYS
                                                    SEPTEMBER 30, 2025
BENNY C. MULLINS, ET AL.


FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Eric R. Thiessen, Judge

Randall A. Eads for appellant.

Cameron S. Bell (Penn, Stuart & Eskridge, on brief), for appellee.


Harold and Sarah Spell challenge the circuit court's judgment declaring that there is a

public easement across their property and permanently enjoining them from interfering with the

easement. The Spells argue that Benny and Kristin Mullins did not request the declaration of a

public easement in their complaint, so the circuit court was not authorized to grant that relief.

The Spells further argue that even if the Mullinses' proof was not fatally varied from their

pleading, the court nonetheless erred in concluding that there was a public easement under Code

§ 15.2-2265. The Spells also challenge two evidentiary rulings.

                                    BACKGROUND

The Mullinses and Spells each own tracts of real property in Washington County. The

tracts are separated by a river; the Mullinses' property is on the south side of the river and the

Spells' property is on the north side. State Route 614, a two-lane public highway, runs through

the Spells' property in an east-west direction roughly parallel to the river.

_____

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

An unpaved road extends across the Spells' land from State Route 614 to the riverbank, hooks right, and after a short distance, leads to a river crossing called Hobbs Ford. From there, vehicles must ford the river to an opening in the trees on the other side to reach the Mullinses' property. Traversing the unpaved road and the ford is the only way to access the Mullinses' property by vehicle from State Route 614.[1] A footbridge also spans the river between the Spells' and Mullinses' property. The footbridge crosses the river at the point where the unpaved road turns right to lead down to the ford. The Virginia Department of Transportation (VDOT) maintains the footbridge.[2]

The Mullinses operate a commercial cattle farm on their property. They transport supplies, including cattle, to and from the farm by crossing the ford and unpaved road in vehicles, occasionally including large trucks. They also have a small cabin on the property, although they do not reside in it. Other users of the road and ford include friends and relatives of the Mullinses who come to their property to visit and to hunt and third parties making deliveries to the Mullinses.

The Spells' property consists of two adjacent tracts, which were once owned by Robert and Irene Cowan as part of a larger single parcel of land. In 2006, the Cowans subdivided the land into six pieces by recording a plat in the Clerk's Office of the Circuit Court of Washington County entitled "Plat of the Subdivision of the Robert S. and Irene D. Cowan Lands." On the plat, the six subdivisions are labeled Tract 1 through Tract 6. The Spells' property consists of Tract 5 and Tract 6 of the Cowan Plat.

---

[1] There is a second ford to the Mullinses' property up the river, but it is unusable.

[2] VDOT also maintains a "foot path" to the bridge. The record does not make clear whether or to what extent the foot path overlaps with the unpaved road.

The recorded plat shows a road across Tracts 5 and 6, which is the unpaved road connecting State Route 614 to Hobbs Ford. The road is described on the plat as "30' wide public esmt," "abandoned public road," and "30' wide easement along existing rd."

The Cowans had owned the land since at least 1947. According to their daughter, Mary Cowan Thacker, who lived on the Cowan property for most of her life, the land the Mullinses now own had multiple owners and tenants, both residential and commercial, during the time the Cowans owned their tract. Those owners, tenants, and guests all used the unpaved road and Hobbs Ford to travel between State Route 614 and the Mullins property.

When the Cowans subdivided the property, they included the reference to the unpaved road to preserve a public easement allowing people to access the property south of the river. The plat is signed by both Robert and Irene Cowan, as well as by Thacker, who was Robert Cowan's power of attorney at the time. The plat also bears signatures of approval from county officials including a highway engineer, a health officer, a utility coordinator, and an agent of the board of supervisors.

The Spells bought Tract 5 and 6 in 2021 and sometime later blocked the unpaved road with a pile of gravel. The Mullinses brought this claim seeking a declaration that they have an easement over the Spells' property to use the road, an injunction prohibiting the Spells from interfering with the easement, and compensatory and punitive damages for the Spells' intentional interference with the Mullinses' right to use the easement. The Mullinses asserted the existence of "[a]n express 30' right of way from the [river] across the Spell property as stated in Spell's deed and the Plat for ingress and egress across Spell's property." In the alternative, they asserted the existence of an easement by necessity or an easement by prescription. The Mullinses also requested a temporary injunction prohibiting the Spells from blocking the unpaved road, which the circuit court granted while the litigation was pending.

- 3 -

At a bench trial, the Mullinses' primary theory of recovery was that the recorded 2006 plat created a public easement under Code § 15.2-2265. The Mullinses argued in the alternative that they had an express private easement over the property or a private easement by prescription.

The Spells made two evidentiary objections relevant to this appeal. First, they objected to the admission of the plat to prove the existence of the easement, arguing that a plat cannot be used for that purpose. The Mullinses responded that under Code § 15.2-2265, the recordation of a plat is the operative event in creating a public easement, so the plat was relevant and admissible to show a public easement existed. The circuit court overruled the Spells' objection.

Second, the Spells objected to the expert testimony of Freddie Mullins (no relation to the plaintiffs), whose opinion the Mullinses offered to prove the existence of the public easement. Freddie Mullins is an experienced real estate attorney, who conducts title searches and issues title opinions. He opined that the plat created a public easement when it was recorded. The Spells objected that the Mullinses had not requested the declaration of a public easement in their complaint, so they were barred from attempting to prove the existence of a public easement at trial. Thus, Freddie Mullins's expert opinion concerning a public easement was irrelevant. The Mullinses responded that the complaint adequately pleaded the public easement claim because it incorporated the plat by reference and the plat expressly states the existence of a public easement. They further argued that the Spells had deposed Freddie Mullins months before trial, during which he had stated his theory of a public easement, so the Spells could not claim to be surprised by it. The circuit court overruled the Spells' objection.

The Spells moved to strike the Mullinses' evidence at the conclusion of the case-in-chief and again after presenting evidence in defense; the circuit court denied both motions. The Spells argued that the Mullinses failed to request the declaration of a public easement in their

complaint, so were prohibited from asserting that theory at trial. They also argued that the Mullinses failed to prove the existence of a public easement even if they were allowed to claim it.

After the close of the evidence and argument, the circuit court found that the plat created a public easement under Code § 15.2-2265. The court entered a final order declaring the existence of the public easement and permanently enjoining the Spells from interfering with it.

On appeal, the Spells argue that the Mullinses' complaint did not request the declaration of the existence of a public easement so the circuit court erred by granting that relief and its final order was void. They further argue that even if the Mullinses' proof was not fatally varied from their pleading, the court nonetheless erred in concluding that there was a public easement under Code § 15.2-2265. Finally, the Spells assign error to the circuit court's rulings overruling their objections to the admission of the plat and Freddie Mullins's expert testimony.

ANALYSIS

I. The complaint provided fair notice of the claim.

"The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought." *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141 (1981) (quoting *Potts v. Mathieson Alkali Works*, 165 Va. 196, 207 (1935)). A "litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense." *Dabney v. Augusta Mut. Ins. Co.*, 282 Va. 78, 86 (2011) (quoting *Ted Lansing Supply Co.*, 221 Va. at 1141). "Thus, a court is not permitted to enter a decree or judgment order based on facts not alleged or on a right not pleaded and claimed." *Id.* (quoting *Jenkins v. Bay House Assocs., L.P.*, 266 Va. 39, 43 (2003)).

"A litigant's pleadings are as essential as his proof, and a court may not award particular relief unless it is substantially in accord with the case asserted in those pleadings." *Id.* (quoting

*Jenkins*, 266 Va. at 43). "Like any other rule, however, this principle must be reasonably applied, keeping in mind that its purpose is to prevent surprise." *Hensley v. Dreyer*, 247 Va. 25, 30 (1994). "Where there is no surprise to the party invoking it, there is no good reason for enforcing the rule." *T.M. Graves Constr., Inc. v. Nat'l Cellulose Corp.*, 226 Va. 164, 167 (1983) (quoting *Kennedy v. Mullins*, 155 Va. 166, 180 (1930)).

In support of these principles, Virginia has a "notice pleading regime," under which "[e]very pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." *Allison v. Brown*, 293 Va. 617, 624 (2017) (alteration in original) (quoting Rule 1:4(d)). A pleading meets this standard if it is "drafted so that [the] defendant cannot mistake the true nature of the claim." *Id.* (alteration in original) (quoting *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993)). Thus, the question in this case is whether the Mullinses' complaint clearly informed the Spells that the Mullinses claimed that a public easement existed.

Public easements and private easements are distinct property interests. Generally, a private "easement is 'a privilege without profit, which the owner of one tenement has a right to enjoy . . . in or over the tenement of another person; by reason whereof the latter is obliged to suffer, or refrain from doing something on his own tenement for the advantage of the former.'" *United States v. Blackman*, 270 Va. 68, 76 (2006) (quoting *Amstutz v. Everett Jones Lumber Corp.*, 268 Va. 551, 559 (2004)). Public easements, on the other hand, convey such a privilege "to the general public as grantee." *Barter Found., Inc. v. Widener*, 267 Va. 80, 88 (2004).

Public and private easements also are created by different means. Private "[e]asements may be created by express grant or reservation, by implication, by estoppel or by prescription." *Beach v. Turim*, 287 Va. 223, 228 (2014). Public easements, however, may be created through the doctrine of dedication, which allows a landowner to expressly "convey or grant an interest in

his land to the general public." *Barter Found., Inc.*, 267 Va. at 88. Code § 15.2-2265 contains "[t]he current statutory scheme for the recordation of plats dedicating land for public streets." *Id.* at 89 n.7. Under that statute, "[t]he recordation of an approved plat shall operate . . . to transfer to the locality any easement indicated on the plat to create a public right of passage over the land." Code § 15.2-2265. The dedication of an easement to the public is "not complete," however, "until accepted by competent public authority." *Salunkhe v. Christopher Customs, LLC*, 78 Va. App. 312, 318 (2023) (quoting *Brown v. Tazewell Cnty. Water & Sewerage Auth.*, 226 Va. 125, 130 (1983)). That acceptance can be "formal and express, as by the enactment of a resolution by the appropriate governing body," or implied by "an exercise of dominion by the governing authority or from long continued public use[] of requisite character." *Barter Found., Inc.*, 267 Va. at 89 (alteration in original) (quoting *Brown*, 226 Va. at 129-30).

In this case, the Mullinses asserted the existence of "[a]n express 30' right of way from the [river] across the Spell property *as stated in Spell's deed and the Plat for ingress and egress across Spell's property*." (Emphasis added). The plat, which was attached to the complaint, expressly refers to the 30' right of way as a "public easement." "The mention in a pleading of an accompanying exhibit, of itself and without more, makes such exhibit a part of the pleading." Rule 1:4(i); *see Pro. Bldg. Maint. Corp. v. Sch. Bd.*, 283 Va. 747, 750 n.2 (2012) (considering exhibits accompanying pleadings in review of demurrer). And the Spells' deed, also attached to the complaint, references "a 30' right of way for ingress and egress to adjoining property together with *the rights of others* in and to the use of said road," which is the same right of way shown on the plat. (Emphasis added). Thus, by asserting an easement "as stated in Spell's deed and the Plat," the complaint clearly informed the Spells that a public easement was at issue.

Indeed, confirming that they received such notice, the Spells admit that they were aware of the public easement theory at least as early as their deposition of Freddie Mullins, which was

taken at least six months before the trial occurred. The Spells' counsel came to trial prepared with multiple case citations to support his argument that a plaintiff is limited to proving only those claims he has pleaded. But his ability to prepare in advance of trial to make that argument belies his claimed inability to prepare to argue the merits of the public easement claim. Thus, the Spells were not surprised; they were on notice of the Mullinses' claim. "Where there is no surprise to the party invoking [the rule that proof must correspond to pleading], there is no good reason for enforcing the rule." *T.M. Graves Constr., Inc.*, 226 Va. at 167 (emphasis omitted) (quoting *Kennedy*, 155 Va. at 180); *see Caputo v. Holt*, 217 Va. 302 (1976).[3]

## II. The Cowan Plat was admissible.

Determining "the 'admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject such decision absent an 'abuse of discretion.'" *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020) (quoting *Tirado v. Commonwealth*, 296 Va. 15, 26 (2018)). "The abuse of discretion standard draws a line—or rather, demarcates a region— between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original)

---

[3] The Spells' objection to the relevance of Freddie Mullins's expert testimony rested on their argument that the Mullinses were not permitted to pursue their theory of the existence of a public easement at trial. Our holding that the Mullinses were allowed to prove their theory of a public easement moots that issue. *See, e.g.*, *LifeCare Med. Transps., Inc. v. Va. Dep't of Med. Assistance Servs.*, 63 Va. App. 538, 555 (2014) (declining to address subsequent arguments that relied on unsuccessful first argument). Additionally, this holding resolves the Spells' argument that the circuit court's final order was void.

(quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Galiotos v. Galiotos*, 300 Va. 1, 11 (2021) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)).

The Spells argue that the plat was not admissible to establish the easement's existence. Rather, citing to *Burdette v. Brush Mountain Estates, LLC*, 278 Va. 286 (2009), the Spells assert that "[a] plat can only be used for one purpose and that is for descriptive purposes only." We disagree because *Burdette* is inapposite. To begin, *Burdette* did not address the admissibility of evidence. Rather, in relevant part, the Supreme Court addressed whether a recorded plat alone, when incorporated by reference into a deed that did not otherwise contain language sufficient to convey an easement, was sufficient to convey a *private* easement. *Id.* at 297-99. The legal proof relevant to demonstrate a private easement differs from that relevant to a public easement. Public easements by dedication are governed by Code § 15.2-2265, which provides that "[t]he *recordation* of an approved plat shall operate . . . to transfer to the locality any easement indicated on the plat to create a public right of passage over the land." (Emphasis added). Given that the recordation of a plat (along with the requisite acceptance by the public authority) creates a public easement, it is axiomatic that the plat was relevant to establish the existence of the asserted easement. *Barter Found., Inc.*, 267 Va. at 88-89. Thus, the circuit court did not err by admitting the Cowan Plat into evidence.

### III. Sufficient evidence supports the trial court's judgment.

"A circuit court should only grant a defendant's motion to strike when, after viewing the evidence in the light most favorable to the non-moving party, the evidence is insufficient to prove a cause of action." *Bd. of Supervisors v. Route 29, LLC*, 301 Va. 134, 150 (2022). On appeal, we view the evidence in the same light, and "[t]he question for this Court . . . is whether 'upon careful consideration of all the evidence, . . . reasonable men may differ on the conclusion

- 9 -

to be reached.'" *Boyette v. Sprouse*, 79 Va. App. 558, 573 (2024) (third alteration in original) (quoting *Walton v. Walton*, 168 Va. 418, 422 (1937)). "Any reasonable doubt as to the sufficiency of the evidence must be resolved in the [non-moving party]'s favor." *Id.* at 574 (alteration in original) (quoting *Tahboub v. Thiagarajah*, 298 Va. 366, 371 (2020)). "The circuit court's application of law to facts, however, is reviewed de novo." *Callison v. Glick*, 297 Va. 275, 288 (2019). And "we review questions of statutory interpretation de novo." *Salunkhe*, 78 Va. App. at 316 (quoting *Stahl v. Stitt*, 301 Va. 1, 8 (2022)).

A recorded plat creates a public easement by dedication when: (1) the plat indicates its intent "to create a public right of passage over the land," and (2) it is "accepted by competent public authority." *Id.* at 318 (first quoting Code § 15.2-2265; and then quoting *Brown*, 226 Va. at 130). Demonstrating the requisite intent requires "an explicit notation on the plat reflecting that it is for a public purpose." *Id.* at 319. The Cowan Plat expressly refers to the road as a public easement; thus, the plat shows the Cowans' intent to create a public right of passage over the land. Indeed, Mary Thacker testified that it was the Cowans' intent to memorialize the public easement they believed already existed.[4] The Spells do not argue that the public easement was not accepted by competent public authority. Thus, the record evidence supports the circuit court's finding that a public easement exists.[5]

---

[4] The Spells' argument that the reference on the plat for Tract 6 to the 30' road is to an "easement" rather than a "public easement" is unavailing. That language clearly refers to the same easement as the language next to it in Tract 5, calling the 30' road a public easement. It cannot reasonably be read to mean that the portion of the road on Tract 6 is a private easement, while the portion on Tract 5 is a public easement.

[5] The Spells assigned error to both the circuit court's ruling denying their original motion to strike and its ruling denying their renewed motion to strike. "When a defendant in a civil or criminal case proceeds to introduce evidence in his own behalf, after the trial court has overruled his motion to strike[] made at the conclusion of the introduction of plaintiff's evidence in chief, he waives his right to stand upon such motion." *McDowell v. Commonwealth*, 282 Va. 341, 342 (2010) (quoting *Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 73 (2010)). Thus, the Spells' challenge to the circuit court's denial of their original motion to strike is waived.

CONCLUSION

The allegations in the Mullinses' complaint alerted the Spells to the nature of the claim, so the question of whether there was a public easement was properly before the trial court. And the court correctly admitted the plat and the expert testimony to meet their burden to show that a public easement exists. Finally, the record evidence supports the trial court's judgment, which is affirmed.

*Affirmed.*